STATE OF FLORIDA *ex rel.*, RAILROAD COMMISSIONERS, *Relators*, v. SOUTH GEORGIA RAILWAY COMPANY, A CORPORATION, *Respondent*.

## Opinion Filed August 2, 1920.

An order of the Railroad Commissioners commanding a railroad company "to re-establish, reinstate and operate" between points in this State, one of the points being near the State line, two passenger trains that had been operated as interstate trains, but had been discontinued on account of inability to get coal for engine fuel, will not be enforced by mandamus, since even if on the facts shown the order is not in effect to reinstate an interstate train, not within the authority of the Commissioners, the circumstances shown as to local conditions, the service being rendered by other trains, the meagernes of the public necessity and convenience to be served by added trains, the large expense to the carrier and its destructive effect upon the carrier's property rights, clearly show that the order is not "reasonable and just and such as ought to have been made in the premises," within the meaning of the statute under which the authority is exerted; the facts and circumstances of the case not making applicable here the principles applied in Missouri Pac. R. Co. v. State of Kansas *ex rel.* Railroad Com'rs, 216 U. S. 262, 30 Sup. Ct. Rep. 330.

A case of original jurisdiction.

Alternative writ dismissed.

*Dozier A. DeVane*, for Relators;

*Branch & Snow* and *W. B. Davis*, for Respondent.

PER CURIAM.—The alternative writ of mandamus herein commands the respondent "to re-establish, reinstate

and operate passenger trains Nos. 3 and 4 between Perry,
Florida, and Lovett, Florida," or to show cause for not
doing so. By answer it appears that the respondent oper-
ates passenger trains Nos. 1 and 2, one each way, daily
between Quitman, Georgia, and Hampton Springs, Flor-
ida, on which line are the towns of Lovett and Perry, in
the State of Florida, making convenient connections with
other lines; that respondent's passenger trains Nos. 3
and 4 also were operated between Quitman, Georgia, and
Hampton Springs, Florida, one each way daily; but that
trains 3 and 4 were discontinued because of the inabil-
ity to get coal for engine fuel; that the country served by
the line is sparsely settled, and in effect that the state-
ments made indicate that the expense of operating trains
3 and 4 will be greatly out of proportion to the public
convenience thereby met and will impair the respondent's
organic property rights.

A motion of relators for a peremptory writ on the an-
swer was denied. Replications were filed alleging that
the respondent has never filed with the Railroad Commis-
sioners of the State "any petition or request for the
permanent discontinuance of the train service sought to
be re-established." Respondents demurred to the replica-
tion.

As it appears the trains Nos. 3 and 4 were, as operated,
interstate trains, the respondents did not have to apply
to the State Railroad Commissioners for their discon-
tinuance. The alternative writ commands the respondent
"to re-establish, reinstate and operate passenger trains
Nos. 3 and 4" between points in this State. Even if this
is not on the facts shown, in effect an order to reinstate
an interstate train, not within the authority of the State
Commission, the circumstances shown as the local condi-

tions, the service being rendered, the meagerness of the public necessity and convenience to be served by added trains, the large expense to the carrier and its destructive effect upon the carrier's property rights, clearly show that the order is not "reasonable and just and such as ought to have been made in the premises," within the meaning of the statute under which the authority is exerted. See Par. 13 of Sec. 3, Chap. 6527, Acts of 1913; State ex rel. Railroad Commissioners v. Florida East Coast Ry. Co., 71 Fla. 433, 71 South. Rep. 543; State *ex rel.* Railroad Comm'rs. v. Atlantic Coast Line R. Co.; 77 Fla. 366, 81 South. Rep. 498.

This holding does not conflict with the decision in Missouri Pac. R. Co. v. State of Kansas *ex rel.* Railroad Com'rs, 216 U. S. 262, 30 Sup. Ct. Rep. 330, where the local conditions, the service being rendered, the public necessity and convenience and the burden to the carrier being essentially different from this case, justified the enforcement of an order for one passenger train to be operated to the State line instead of a mixed passenger and freight train, such order not requiring the "re-establishment" of a train that had been operated as an interstate train.

The decision of this case does not ignore the principles announced in Atlantic Coast Line R. Co. v. North Carolina Corp. Com., 206 U. S. 1, 27 Sup. Ct. Rep. 585; Wisconsin, M. & P. R. Co. v. Jacobson, 179, U. S. 287, 21 Sup. Ct. Rep. 115; State *ex rel.* Railroad Com'rs v. Louisville & N. R. Co., 62 Fla. 315, 57 South. Rep. 175; State *ex rel.* Railroad Com'rs. v. Louisville & N. R. Co., 63 Fla. 274, 57 South. Rep. 673, and other like cases. In this case principles are applied that are recognized in, but held to be not applicable to the cited cases.

The demurrer to the replication is sustained and the alternative writ is dismissed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.